OLIVE M. WOOD, *Appellee*, v. J. W. SPURGEON, *Appellant.*

No. 17,129.

SYLLABUS BY THE COURT.

COMPROMISE AND SETTLEMENT—*Payment—Mistake—Recovery.* An overpayment made by mistake upon an amicable settlement of an account may be recovered back, and this is especially true when the parties were not upon equal terms as to knowledge concerning the items included in such settlement.

Appeal from Douglas district court. Opinion filed November 11, 1911. Affirmed.

*W. B. Brownell*, for the appellant.

*S. D. Bishop*, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover an alleged overpayment for the construction of a house, alleging in substance that upon final settlement for the work the defendant represented that there was a balance due him

Wood v. Spurgeon.

of $285, which plaintiff, relying on such statement, paid. That shortly thereafter she discovered that by mistake she had overpaid $151. The answer alleged that when the $285 was paid plaintiff really owed $160 more, but that to settle their differences the sum paid was agreed upon and accepted; that the parties afterward agreed to submit all the matters in controversy between them to two arbitrators and abide by their decision; that a decision was reached by which the plaintiff refused to be bound. A judgment against the plaintiff for $160 was prayed. Trial was had by the court and judgment rendered for plaintiff in the amount sued for.

The controverted questions in the case are: (1) Was $285 paid as a settlement and compromise of disputed claims of parties? (2) Was the alleged overpayment made by mistake? (3) Did the parties agree to arbitrate, which agreement was violated by the plaintiff? On all these points the testimony was in conflict and the decision of the court was in favor of the plaintiff. Such decision is binding upon us unless it is based upon some error of law.

Appellant insists that the court erred in denying an offer to prove, by mechanics who worked upon a house claimed to be the model for the one in question, the difference between the two houses. This is said to have been excluded for the reason, as stated by the court, that the parties had a settlement and the only question to decide was as to the amount due at that time. The abstract hardly shows such offer or its denial, but it does show a statement by the court that there was but one question to be tried—whether there was a settlement, and if so what it was—and that testimony as to changes in the house was incompetent. Each party alleged a settlement, the difference being that the plaintiff called it a final settlement for the work, labor and materials furnished in the construction of the house, while the defendant called it a full settlement of their differences, they disagreeing as to the amount to be paid.

It is argued that it was important to show the items entering into the settlement in order to corroborate the defendant's testimony that there was a dispute and compromise and adjustment. But each party was permitted to testify fully as to this, and to go into all the details of the work, the changes and extras, was not necessary nor would it have been likely to enlighten the court, and we think the range of testimony permitted by the trial court was sufficiently wide.

Authorities are cited to the effect that a *bona fide* compromise and settlement of a matter in dispute precludes the recovery of an overpayment. This is doubtless true as a general rule, but where there is no dispute and no compromise, but a mere payment by one party of the amount claimed by the other, there is no reason in law or in morals why an amount not earned and overpaid by mistake should be retained by the one and lost by the other. This is especially true when the parties are not on equal terms as to knowledge and means of knowledge touching the amount due. (*Lowe v. Wells,* 78 Kan. 105, 96 Pac. 74; 30 Cyc. 1316-1318.)

The plaintiff denied any agreement to submit to arbitration, and while her testimony was contradicted it was believed by the trial court, whose decision thereon is final.

The judgment is affirmed.

BENSON, J., not sitting.